# EXHIBIT "C"



**CORPORATION SERVICE COMPANY**

NJH / ALL
**Transmittal Number: 13427863**
**Date Processed: 02/03/2015**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Nancy Murray<br>Zurich North America<br>1400 American Lane<br>Tower One<br>Schaumburg, IL 60196-1056 |

| | |
|---|---|
| **Entity:** | Assurance Company of America<br>Entity ID Number  2746714 |
| **Entity Served:** | Assurance Company of America |
| **Title of Action:** | Moonrise Ropa USADA, Inc. (7825 S. 23rd St.) vs. Assurance Company of America |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Hidalgo County Court at Law, Texas |
| **Case/Reference No:** | CL-15-0239-H |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 02/02/2015 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Douglas E. Pennebaker<br>210-562-2888 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

*CSC is SAS70 Type II certified for its Litigation Management System.*

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT C-1**

ARTURO GUAJARDO, JR
HIDALGO COUNTY CLERK
100 N CLOSNER
PO BOX 58
EDINBURG, TX 78540-0058



9269 3901 0661 5400 0049 1207 77

**Return Receipt (Electronic)**

**CL-15-0239-H**                    RESTRICTED DELIVERY

ASSURANCE COMPANY OF AMERICA
BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
211 E 7TH ST STE 620
AUSTIN, TX 78701-3218

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · CUT / FOLD HERE · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · 6"X9" ENVELOPE · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·
CUT / FOLD HERE

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · CUT / FOLD HERE · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

DOCKET NO. CL-15-0239-H

THE STATE OF TEXAS
COUNTY OF HIDALGO

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty (20) days after you were served this Citation and Petition, a Default Judgment may be taken against you."

To:     ASSURANCE COMPANY OF AMERICA
        BY SERVING ITS REGISTERED AGENT,
        CORPORATION SERVICE COMPANY
        211 EAST 7TH STREET, SUITE 620
        AUSTIN, TEXAS  78701-3218

GREETING:

YOU ARE HEREBY COMMANDED TO APPEAR by filing a written answer to the Plaintiff's petition at or before 10 o'clock A.M. on or before the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable County Court At Law #8 of HIDALGO COUNTY, Texas, at the Courthouse, Hidalgo County Clerk's Office, 100 N. Closner, Edinburg, Texas.

Said Plaintiff's Petition was filed in said Court, in this Cause Numbered CL-15-0239-H on the docket of said Court, and styled,

**MOONRISE ROPA USADA, INC. (7825 S. 23RD ST.)**
**vs.**
**ASSURANCE COMPANY OF AMERICA**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's ORIGINAL petition accompanying this Citation and made a part hereof.

NAME & ADDRESS OF ATTORNEY FOR PLAINTIFF:
        DOUGLAS E. PENNEBAKER
        200 CONCORD PLAZA DRIVE, SUITE 750
        SAN ANTONIO, TEXAS  78216

The officer executing this Citation shall promptly serve the same according to requirements of law, and the mandates hereof, and make due return as the law directs.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT, at Edinburg, Texas this 27th day of January, 2015.

ARTURO GUAJARDO, JR.
HIDALGO COUNTY CLERK
P.O. BOX 58
EDINBURG, TEXAS 78540

BY _____ DEPUTY
        SAN JUANITA GARCIA

SHERIFF'S/CONSTABLE'S/CIVIL PROCESS

SHERIFF'S RETURN

      Came to hand on the _____ day of _____, 20 ____, at _____ o'clock _____ M., by Deputy (Sheriff/Constable)/Civil Process Server and to-wit the following:

DEFENDANT SERVED

      Service was EXECUTED on the above referenced Defendant, in person, in Hidalgo County, Texas and served with a true copy of this Citation, with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Petition, at the following
Date, time, and place, to-wit:

      NAME _____ DATE _____ TIME _____ PLACE _____


      By: _____      By: _____
          CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

**DEFENDANT NOT SERVED**

      Service was ATTEMPTED at the above address on the above referenced Defendant on the following date(s) and time(s), but to no avail:

      NAME _____ DATE _____ TIME _____ PLACE _____

      NAME _____ DATE _____ TIME _____ PLACE _____

      NAME _____ DATE _____ TIME _____ PLACE _____


      By; _____      By: _____
          CIVIL PROCESS SERVER             DEPUTY SHERIFF/CONSTABLE

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance to rule 107, the officer or authorized person who serves or attempts to serve a citation must sign the return.  If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return must either be verified or be signed under the penalty of perjury.  A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____and the address is

_____ and i declare under penalty of perjury that the foregoing is true and correct

EXECUTED in _____County, state of Texas, on the ___ day of _____, 201____.


_____
DECLARANT


_____
If Certified by the Supreme Court of Texas
Date of Expiration /SCH Number

**Accepted by: San Juana Garcia**

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

CAUSE NO. _____

| | | |
|---|---|---|
| MOONRISE ROPA USADA, INC. | § | IN THE COUNTY COURT |
| (7825 S. 23rd St.) | § | |
| | § | |
| VS. | § | AT LAW NUMBER_____ |
| | § | |
| | § | |
| ASSURANCE COMPANY OF | § | |
| AMERICA | § | HIDALGO COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, DEMAND FOR JURY, AND DISCOVERY TO DEFENDANT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, **MOONRISE ROPA USADA, INC. (7825 S. 23rd St.),** hereinafter called "Plaintiff," complaining of **ASSURANCE COMPANY OF AMERICA,** hereinafter called "Defendant," and for cause of action would respectfully show unto the Court the following:

I.

### PARTIES AND RULE 190 DISCOVERY LEVEL

Plaintiff is a business located in Hidalgo County, Texas. Discovery should be Level III.

ASSURANCE COMPANY OF AMERICA is a corporation, authorized to engage in the insurance business in the State of Texas, and who issued policy number 0Z05078490 to Plaintiff, MOONRISE ROPA USADA, INC. (7825 S. 23rd St.). Said Defendant may be served by serving its **Registered Agent, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.** Service is requested by certified mail, return receipt requested at this time.

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

II.

AGENCY AND *RESPONDEAT SUPERIOR*

Whenever in this petition it is alleged that the Defendant did any act or omission, it is meant that Defendant itself, or its agents, officers, servants, employees, or representatives did such act or omission, and it was done with the full authorization or ratification of Defendant or done in the normal routine, course and scope of the agency or employment of Defendant or their agents, officers, servants, employees, or representatives.

III.

This suit is brought pursuant to the law of good faith and fair dealing as well as under common law and Chapters 541 and 542 of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. This suit is also brought for breach of contract, and for recovery under a policy of insurance. Plaintiff is a consumer of the Defendant, in that it purchased insurance from said entity and/or service to be provided by it. Said Defendant is an "individual corporation, association, partnership, or other legal entity engaged in the business of insurance." Such Defendant constitutes "persons" as that term is defined in Chapter 541.002 of the Texas Insurance Code.

IV.

Defendant, ASSURANCE COMPANY OF AMERICA, is Plaintiff's commercial insurance company. The actions set forth in this complaint were committed by one or more of said Defendant, or their actual or apparent agents. The named insured is MOONRISE ROPA USADA, INC. (7825 S. 23rd St.), whose property made the basis of this suit is located at *7825 S. 23rd St., McAllen, Hidalgo County, Texas*. Defendant, ASSURANCE COMPANY OF AMERICA, provided coverage to the Plaintiff under a business personal property policy, for damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra

2

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks' Office

CL-15-0239-H

expenses associated with damage caused by a wind/hail storm. During the policy term of said policy, Plaintiff sustained covered losses noted above, and Plaintiff promptly and timely and properly reported same to Defendant pursuant to the terms of the insurance policy. Plaintiff reported damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm upon having discovered same.

V.

The Plaintiff discovered the damages resulting therefrom to MOONRISE ROPA USADA, INC. (7825 S. 23rd St.). Damages include the cost of repairs, and restoration of the business necessary to repair the resulting damages. Damages also include damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by the wind/hail storm. These constituted covered damages under Plaintiff's insurance policy with the Defendant, ASSURANCE COMPANY OF AMERICA.

VI.

Defendant, ASSURANCE COMPANY OF AMERICA and their agents visited and inspected Plaintiff's business, in connection with Plaintiff's damages. Defendant knew or should have known that Plaintiff had already sustained significant damage including water damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm, requiring significant repairs as a result of a loss and peril covered by the insurance policy. ASSURANCE COMPANY OF AMERICA were also made aware of the need to perform repairs to the business as well as damage including damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail

3

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

storm. ASSURANCE COMPANY OF AMERICA knew that a substantial covered loss was owed. Nonetheless, ASSURANCE COMPANY OF AMERICA denied, delayed, and failed to pay and properly investigate some or all of Plaintiff's covered losses with no reasonable basis. ASSURANCE COMPANY OF AMERICA has failed to act promptly or to conduct a good faith investigation. This is bad faith claim delay and/or denial and a violation of Chapters 541 and 542 of the Texas Insurance Code. ASSURANCE COMPANY OF AMERICA violated Article Chapters 541 and 542 of the Texas Insurance Code, and is liable for the actual damages, penalties and attorney's fees provided for therein.

VII.

Despite the fact that all conditions precedent to Plaintiff's recovery have been performed or have occurred, Defendant has failed and refused to pay the Plaintiff a just amount in accordance with their contractual obligations, agreements, and representations. In fact, after such refusals to pay and investigate, Plaintiff was forced to file suit to seek the policy benefits to which it was entitled. ASSURANCE COMPANY OF AMERICA knew that substantial damage had been caused by the loss, and yet refused to investigate most or all of such damages.

VIII.

Such denials, delays, refusals and/or failures to pay by ASSURANCE COMPANY OF AMERICA were in bad faith, and constitute breaches of the covenant of good faith and fair dealings, which breaches were a proximate cause of damages to the Plaintiff, more specifically set forth herein below. There was no reasonable basis for denying, delaying, or failing to pay or investigate Plaintiff's claims for damage, and ASSURANCE COMPANY OF AMERICA knew or should have known that there was no such reasonable basis to deny, delay, and fail to pay such claims. The conduct of Defendant, ASSURANCE COMPANY OF AMERICA was irresponsible,

4

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

unconscionable, and took advantage of the Plaintiff's lack of sophistication in insurance matters to a grossly unfair degree. ASSURANCE COMPANY OF AMERICA failed to protect MOONRISE ROPA USADA, INC. (7825 S. 23rd St.) from fortuitous losses such as damages caused by the wind/hail storm. Furthermore, the conduct of Defendant, ASSURANCE COMPANY OF AMERICA amounts to one or more of the following:

(a) not attempting in good faith to effectuate prompt, fair, and equitable settlements of claims submitted in which liability has become reasonably clear in violation of Chapter 542 of the Texas Insurance Code;

(b) refusing to pay claims without conducting a reasonable investigation based upon all available information in violation of Chapter 541 of the Texas Insurance Code;

(c) failing to handle or process the Plaintiff's claims in good faith; in violation of common law as expressly stated by the Texas Supreme Court in *Vail v. Texas Farm Bureau,* 754 S.W.2d 129 at 135 (Tex. 1988);

(d) committing a course of conduct that is unconscionable;

(e) omitting any information or making any false implication or impression that was either misleading or deceptive or had the capacity to be misleading or deceptive in violation of Chapter 541 of the Texas Insurance Code;

(f) refusing to fully pay a claim without a reasonable basis in violation of common law;

(g) delaying full payment of a claim without a reasonable basis in violation of common law;

(h) denying and/or delaying payment of a claim in full without determining whether there is any reasonable basis to do so in violation of common law;

(i) representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which they do not;

(j) representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

(k) representing than an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

5

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

(l) failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed; and

(m) violations of Chapter 541 of the Texas Insurance Code, in that they misrepresented the terms of the policy or other facts.

IX.

As a result of all of such conduct, MOONRISE ROPA USADA, INC. (7825 S. 23rd St.) has been damaged in an amount in excess of the minimum jurisdictional limits of this Court. In addition, the conduct of ASSURANCE COMPANY OF AMERICA was committed knowingly, and under circumstances constituting willful and wanton and reckless disregard of the rights of the Plaintiff and others similarly situated. Such conduct of ASSURANCE COMPANY OF AMERICA was negligent and tortuous. The conduct of ASSURANCE COMPANY OF AMERICA constituted negligent misrepresentation of fact, or actionable fraud. The conduct of ASSURANCE COMPANY OF AMERICA proximately caused the injuries and damages to the Plaintiff for which it sues. Plaintiff seeks actual damages from ASSURANCE COMPANY OF AMERICA.

X.

All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred.

XI.

Defendant has, by its conduct, breached its contract of insurance with the Plaintiff. Such breach proximately caused damages to the Plaintiff including consequential damages. In addition, Plaintiff is entitled to recover attorney's fees in connection with Plaintiff's contractual causes of

6

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

action. In addition, as a supplement to such contractual causes of action, Defendant is liable for the statutory damages and penalties set out in Chapter 542 of the Texas Insurance Code.

XII.

Defendant owes the Plaintiff significant sums for known losses. Further, under the contract of insurance, the Defendant owes the Plaintiff reasonable compensation for loss of business income and other expenses as outlined above.

XIII.

The conduct of ASSURANCE COMPANY OF AMERICA was knowing and therefore may be subject to liability for additional damages under the Texas Insurance Code, and/or the Texas Deceptive Trade Practices Act, Plaintiff and their attorney are also entitled to attorney's fees in connection with the bringing of this action for breach of contract or under relevant statute. In the alternative, ASSURANCE COMPANY OF AMERICA's conduct was malicious and fraudulent, and therefore, Plaintiff seeks punitive damages.

XIV.

All of the conditions precedent to bringing this suit under the policy and to the Defendant's liability to the Plaintiff under the policy for the claims alleged have been performed or have occurred. Plaintiff complied with all terms and conditions of the policy, but Plaintiff's claim was nonetheless not paid in full. *Such refusals to pay waive any further compliance with said policy by Plaintiff and leaves him free to sue for those benefits to which he is entitled that were denied or underpaid.* In the alternative, Plaintiff alleges that as to any such terms, conditions, notices, or requirements, the Defendant waived them, the Defendant is estopped from asserting them, and/or the Plaintiff substantially complied with them. Plaintiff makes the same allegations of waiver or

7

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

estoppel as to every defense, condition, or exclusion pleaded by the Defendant, and as to each claim

for breach of contract or statutory violation as to said Defendant.

XV.

As to any exclusion or endorsement relied upon by the Defendant, Plaintiff would show that

such is void and does not form a portion of Plaintiff's insurance policy with Defendant.  The reason

this is so includes, but is not limited to the following:

(a)  there is no consideration for such exclusion;

(b)  such exclusion or exclusionary endorsement was not delivered with the policy, and
      hence is of no force and effect;

(c)  such exclusion violates Chapters 541 and 542 of the Texas Insurance Code, and it is
      void as against public policy;

(d)  such exclusion and its use in this case violates Chapter 541 and 542 of the Texas
      Insurance Code and is void as against public policy;

(e)  such exclusion violates Chapter 541 and 542 of the Texas Insurance Code and is
      unconscionable, and is void as against public policy;

(f)  such exclusion is adhesive;

(g)  any such exclusion is void as against public policy against creating a forfeiture, or ex
      post-facto penalty;

(h)  the attachment of such exclusion constitutes bad faith cancellation of a portion of the
      Plaintiff's policy with Defendant.  In particular, such cancellation of a portion of
      Plaintiff's coverage was in violation of the policy contract's own terms and also in
      violation of Chapter 541 and 542 of the Texas Insurance Code of the Texas Insurance
      Code.  Such exclusion should be declared void, and of no force and effect, and the
      policy should be reformed to so reflect;

(i)  the clear and unambiguous language of the policy provides coverage for dwelling
      damage caused by water, including the cost of access to fix any leaking plumbing,
      system, or appliance.

(j)  In the alternative, any other construction of the language of the policy is void as
      against public policy;

8

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

(k)     In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandates the construction and interpretation urged by Plaintiff;

(l)     In the alternative, Defendant is judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

(m)    In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff plead the doctrine of mutual mistake requiring reformation.

(n)     Such exclusion or interpretation is void as against public policy and/or in violation of the Texas Insurance Code.

(o)     The clear and ambiguous language of the policy provides coverage for dwelling damage caused by accidental water leakage from a plumbing, heating, or air conditioning system or other appliance, including the cost of access to fix the leaking system, regardless of any other language or exclusion in the policy.

## XVI.

Plaintiff asserts all statutory claims, demands, and causes of action assertable under state law from the pleaded scenario and facts, but only seeks breach of contract and Chapter 542 of the Texas Insurance Code causes of action against ASSURANCE COMPANY OF AMERICA at this time for actual damages and attorney's fees Chapter 542 penalties.  Plaintiff seeks from ASSURANCE COMPANY OF AMERICA, actual, additional, exemplary, as well as all other damages and penalties available at law, including loss of the use, damage to the structure, interior architectural finishes, finish out, improvements and betterments, business income and other extra expenses associated with damage caused by a wind/hail storm.

9

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

## XVII.
### DEMAND FOR JURY

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Plaintiff herein requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests this Honorable Court that upon final hearing and trial hereof, this Honorable Court grant to the Plaintiff such relief as to which they may show themselves justly entitled, either at law or in equity, either general or special, including judgment against the Defendant for actual damages, attorney's fees, costs of suit, statutory penalties, and prejudgment and post judgment interest, if allowed by law, and including judgment for additional damages and punitive damages under the facts set forth in this or any amended pleading.

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas 78216
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2880

Willie McAllen
Jose G. Gonzalez
LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas 78539
Telephone:  (956) 383-2143
Telecopier:  (956) 383-2147

By: _____

   DOUGLAS E. PENNEBAKER
   Lead Counsel
   State Bar No. 00788178

ATTORNEYS FOR PLAINTIFF

11

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANT

Pursuant to Texas Rule of Civil Procedure 194, you are hereby requested to disclose, within

fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(k),

as described below:

(a)    the correct names of the parties to the lawsuits;

(b)    the name, address, and telephone number of any potential parties;

(c)    the legal theories and, in general, the factual basis of Plaintiff's claims;

(d)    the amount and any method of calculating economic damages;

(e)    the name, address and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f)    for any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (3)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis of them, or if the expert is not retained by, employed, or otherwise subject to the control of Plaintiff, documents reflecting such information;

    (4)    if the expert is retained, employed by or otherwise subject to the control of Plaintiff:

        (A)    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony;

        (B)    the expert's current resume and bibliography;

(g)    any indemnity or insuring agreements;

(h)    any settlement agreements, described in Rule 192.3(g);

(i)    any witness statements, described in Rule 192.3(h);

(j)    all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k)    all medical records and bills obtained by the responding party by the responding party by virtue of an authorization furnished by the requesting party.

I.

In accordance with Texas Rule of Civil Procedure 194.3, please serve written responses

within fifty (50) days after service of this request.

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

II.

In compliance with Rule 194.4 of the Texas Rules of Civil Procedure, please produce

responsive documents to the Pennebaker Law Firm, a Professional Corporation, 200 Concord

Plaza Drive, Suite 750, San Antonio, Texas  78216.

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza Drive, Suite 750
San Antonio, Texas  78216
Telephone:     (210) 562-2888
Telecopier:    (210) 562-2880

Willie McAllen
Jose G. Gonzalez
LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas  78539
Telephone: (956) 383-2143
Telecopier: (956) 383-2147

By: _____

DOUGLAS E. PENNEBAKER
Lead Counsel
State Bar No. 00788178

ATTORNEYS FOR PLAINTIFF

13

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

### CLAIM SPECIFIC INTERROGATORIES TO DEFENDANT INSURER

1. Identify all persons, address, including job title, dates of employment, and a description of each individual's role in the claim made the basis of this Lawsuit, if any, for all persons providing information for the answers these interrogatories.

   ANSWER:

2. Identify all persons and/or entities who handled the claim made the basis of the Lawsuit on behalf of Defendant.

   ANSWER:

3. State the following concerning notice of claim and timing of payment:

   a. The date and manner in which Defendant received notice of the claim;
   b. The date and manner in which Defendant acknowledged receipt of the claim;
   c. The date and manner in which Defendant commenced investigation of the claim;
   d. The date and manner in which Defendant requested from the Plaintiffs all items, statements, and forms reasonably necessary that Defendant reasonably believed, at the time, would be required from the Plaintiffs; and
   e. The date and manner in which Defendant notified the claimant(s) in writing of the acceptance or rejection of the claim.
   f. To the extent Defendant felt it was applicable to this claim, did Defendant request an additional 45 days to accept or reject the claim, and if so, for what reason and state the date and manner in which Defendant made that request.
   g. The date and manner in which you notified Plaintiff of acceptance or rejection of coverage for all or any portion of Plaintiffs' claim; and
   h. The date and manner of all payments made to insured, identifying whether payment was made under structure, additional structure, contents and/or ALE provisions.

   ANSWER:

4. Identify each inspection of the Property made the basis of this Lawsuit by:
   a. The name and job title of each person who inspected the Property;
   b. The date of each inspection;
   c. The purpose of each inspection; and
   d. Any documents generated during or as a result of each inspection, including the persons and/or entities in possession of those documents.

14

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

ANSWER:

5.  If Defendant is aware of documents that are not in Defendant's possession that are related the Claim and were gathered by a person or entity working on behalf of Defendant (directly or indirectly), identify the documents, including the persons and/or entities in possession of those documents with last known addresses.

ANSWER:

6.  State all dates on which Defendant closed Plaintiffs' claim and to the extent Defendant asserts statute of limitations as a defense, state all dates and manners in which Defendant notified Plaintiff(s).

ANSWER:

7.  Does Defendant contend that Plaintiff(s) failed to provide proper notice of the claim made the basis of this Lawsuit under either the policy or the Texas Insurance Code, and, if so, describe how the notice was deficient, identifying any resulting prejudice caused to Defendant.

ANSWER:

8.  At the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to the anticipation of litigation), describe Defendant's understanding of areas of the property (i.e., roof, interior) Defendant was investigating, identifying the coverage sections (i.e., dwelling, other structure, ALE, contents, and/or code upgrade) of the Policy upon which the claim was paid or denied.

ANSWER:

9.  Does Defendant contend that at the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), Plaintiffs failed to protect the property from further damage or loss, make reasonable and necessary repairs or temporary repairs required to protect the Property as provided under the Policy?

ANSWER:

10. At the time the claim made the basis of this Lawsuit was investigated by Defendant (and prior to anticipation of litigation), state whether the Plaintiff(s) failed to exhibit/provide access to the Property as reasonably requested by Defendant, and, if so, describe how Plaintiff failed to do so, identifying any resulting prejudice caused to Defendant.

ANSWER:

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

11.  At the time the claim made the basis of this Lawsuit was investigated (and prior to anticipation of litigation), identify all documents and information requested from Plaintiff(s) stating the date and manner in which the request was made to Plaintiffs. If Defendant contends that Plaintiff(s) failed to provide Defendant with requested documents and/or information, identify all requests Plaintiffs did not respond and if Defendant denied any portion of the claim based on Plaintiffs' failure to respond.

ANSWER:

12.  At the time the claim made the basis of this Lawsuit was investigated (and prior to the anticipation of litigation), did Defendant request or take any statements and/or examinations under oath of Plaintiff(s) as provided under the policy. If so, state the date and manner in which Defendant made the request, the date on which any statements or examinations under oath were taken and the manner in which they were recorded or documented, identifying all persons who requested and/or took the statement or examination under oath. If Defendant contends that Plaintiff(s) failed to provide Defendant with a requested statement or examination, describe how Plaintiff failed to comply with any requests, to the extent it was relied upon to deny any portion of Plaintiffs' claim.

ANSWER:

13.  At the time the claim made the basis of this Lawsuit was investigated and the Property inspected (and prior to anticipation of litigation), describe all damage attributable to the storm observed at the Property by Defendant or any persons or entities on behalf of Defendant.

ANSWER:

14.  If you contend Plaintiffs' damages claimed in this lawsuit are the result of a prior insurance claim or prior unrepaired damage, please list all such prior claims on the property made in the last ten years, including claim number , date of loss, type of loss, and payments, if any, and identify which prior claim or claims you contend pertain to such damage.

ANSWER:

15.  Identify all exclusions under the Policy applied to the claim made the basis of this Lawsuit, and for each exclusion identified, state the reason(s) that Defendant relied upon to apply that exclusion.

ANSWER:

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

16.    Describe how Defendant determined whether overhead and profit ("O&P") should be applied to the claim made the basis of this Lawsuit, identifying the criteria for that determination.

ANSWER:


17.    State whether sales tax was paid by Defendant on all materials and/or labor and the method of calculation. To the extent this information is reflected on an estimate, Defendant can refer Plaintiff(s) to such estimate.

ANSWER:


18.    Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

ANSWER:


19.    To the extent Defendant utilized an estimating software and modified the manufacturer's settings with respect to Plaintiffs' claim, identify those modifications.

ANSWER:


20.    State whether Defendant applied depreciation to the tear off of the damaged roof and/or other debris removal in the claim made the basis of this Lawsuit, identifying the basis for that depreciation and the applicable policy section under which the tear off was paid under.

ANSWER:


21.    Identify all price lists used to prepare all estimates on the claim made the basis of this Lawsuit, stating the manufacturer, version, date and geographical area. For any price list developed by a third party vendor, identify any additions, deletions, alterations or modifications made by Defendant, describing the change and purpose of the change for preparing an estimate on the claim made the basis this Lawsuit.

ANSWER:

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

22. State whether of any persons and/or entities who handled the claim made the basis this Lawsuit failed to follow any rules, guidelines, policies, or procedures implemented by Defendant for the Hidalgo County hail storms occurring on or about March 29, 2012 and/or April 20, 2012 in regards to the adjustment of this claim. If so, identify each person and the specific rule, guideline, policy, or procedure that was violated.

ANSWER:

23. To the extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis this Lawsuit failed to identify, note, or document any storm related damage at the Property. If so, identify each item of damage that was not properly identified, noted, or documented.

ANSWER:

24. To extent Defendant is aware, state whether the estimate(s) prepared for the claim made the basis of lawsuit wrongly included or excluded any item or payment. If so, identify each item or payment and state whether it should have been included or excluded from the estimates prepared on the claim made the basis this Lawsuit.

ANSWER:

25. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 541 that were discovered on this claim during the claims handling process.

ANSWER:

26. To the extent Defendant is aware, state any violations of Texas Insurance Code Section 542 that were discovered on this claim during the claims handling process.

ANSWER:

27. To the extent Defendant is aware, state any violations of the requirements or obligations owed to Plaintiff(s) under the Policy relating the claim made the basis of this Lawsuit that were discovered during the claims handling process.

ANSWER:

28. State the date Defendant first anticipated litigation.

**Accepted by: San Juana Garcia**

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

ANSWER:

29. Identify all evidence that may be used to impeach, by proof of final conviction of any felony or crime of moral turpitude, of any witness, including any party witness, by stating the following identifying information, pursuant to Tex. R. Evid. 609:
   a. the name of the accused;
   b. the charged offense;
   c. whether the crime was a felony or involved moral turpitude;
   d. the date of final conviction; and
   e. the style, case number, and county of the proceeding.

ANSWER:

30. Identify any and all witnesses who may be called to testify at trial pursuant to Rule 192.3(d) of the Texas Rules of Civil Procedure.

ANSWER:

31. Pursuant to Rule 192.3(e) of the Texas Rules of Civil Procedure, for each consulting expert, or expert who is not expected to be called as a witness but whose work product 1) forms the basis either in whole or in part of the opinions of an expert who is to be called as a witness and/or 2) has been reviewed or relied upon by a testifying expert witness, please state:

   a. The name, address, and telephone of such expert;
   b. The number of times that expert has been retained by a defendant in any case;
   c. The number of times that expert has been retained by a plaintiff in any case;
   d. The number of times that expert has been retained by the attorney representing any Defendants in this suit;
   e. The number of times that expert has been retained by the law firm representing any Defendants in this suit; and
   f. The amount of compensation received or to be received in this case.

ANSWER:

32. If you contend that the Policy is void for any reason, state the specific factual bases for that contention, identifying any and all investigations, the factors considered and the conclusion reached and the evidence that is the basis for that conclusion.

ANSWER:

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

33.  If you contend that the Plaintiff(s) made any misrepresentation regarding the Policy or the claim made the basis of this Lawsuit, state what specific misrepresentation(s) was/were made and the factual bases for your contention.

   <u>ANSWER:</u>

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza, Suite 750
San Antonio, Texas  78216
Telephone:     (210) 562-2888
Telecopier:     (210) 562-2880

By: _____

     DOUGLAS E. PENNEBAKER
     State Bar No. 00788178
     Lead counsel
ATTORNEY FOR PLAINTIFFS

LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas  78539
Telephone:     (956) 383-2143
Telecopier:     (956) 383-2147

By: _____ *for Willie McAllen*
     WILLIE MCALLEN
     State Bar No. 24047468
     JOSE G. GONZALEZ
     State Bar No. 24053234

21

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

### CLAIM SPECIFIC REQUEST FOR PRODUCTION TO INSURER

1. The following insurance documents issued for the Property as identified in the Petition:
   a. the policy at issue for the date of loss as identified in the Petition; and
   b. the policy declarations page for the 3 years preceding the storm.

   RESPONSE:

2. Produce underwriting files and documents relating to the underwriting for all insurance policies for the Property identified in the Petition. This request is limited to the past 5 years. To the extent Defendant contends that the underwriting file or documents older than 5 years impact the damages or coverage, produce that underwriting file or document.

   RESPONSE:

3. All documents relating to the condition or damages of the Property or any insurance claim on the Property identified in the Petition.

   RESPONSE:

4. All documents relating to any real property insurance claims made by the Plaintiff(s). This request is limited to the past 5 years. To the extent Defendant contends that documents older than 5 years impact the damages or coverage, produce that document.

   RESPONSE:

5. All requests for information to any third party about the Property, the Plaintiff(s), or the claims made the basis of this Lawsuit.

   RESPONSE:

6. All documents used to instruct, advise, guide, inform, educate, or assist provided to any person handling the claim made the basis of this Lawsuit that related to the adjustment of this type of claim, i.e., hail property damage.

   RESPONSE:

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

7.    All documents obtained from any person(s) or entity(ies) and governmental agencies on behalf of Defendant or by Defendant relating to the Plaintiff(s), the Property, the Policy, or the claims made the basis of this Lawsuit. This request includes all documents obtained by way of deposition on written questions.

      RESPONSE:

8.    All documents received (prior to litigation) directly or indirectly from Plaintiff(s) or created by Plaintiff(s) related to the Property made the basis of this lawsuit. This request is limited to the past 5 years. To the extent Defendant contends that any document older than 5 years impact the damages or coverage, produce that document.

      RESPONSE:

9.    Produce a copy of all price lists used to prepare any estimates for the claim made the basis of this Lawsuit. To the extent the pricelist is an unmodified pricelist from a third party, you can reference the vendor and version of the pricelist with a stipulation that it is unmodified.

      RESPONSE:

10.   To the extent Defendant created or altered any prices used in the preparation of an estimate in the claim made the basis of this Lawsuit, produce all documents related to the creation or alteration of the price, including the original price for that item and the factual bases for the creation or alteration.

      RESPONSE:

11.   A complete copy the personnel file related to performance (excluding medical and retirement information) for all people and their managers and/or supervisors who directly handled the claim made the basis of this Lawsuit, including all documents relating to applications for employment, former and current resumes, last known address, job title, job descriptions, reviews, evaluations, and all drafts or versions of requested documents. This request is limited to the past 5 years.

      RESPONSE:

12.   All organizational charts, diagrams, lists, an/or documents reflecting each department, division or section of Defendant's company to which the claim made the basis of this Lawsuit was assigned.

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

RESPONSE:

13.    All Texas insurance licenses and/or certifications in effect that the time of the claims arising
out of the Hidalgo County hail storms which occurred on or about March 29, 2012 and/or
April 20, 2012 for all persons who worked on the claim made the basis of this Lawsuit,
including any document relating to the application, issuance or review of those licenses
and/or certifications. This request excludes those who performed merely ministerial acts, i.e.
people who answer phones, file clerks whose only job duty is to stamp "received," etc.

RESPONSE:

14.    If an engineer and/or engineering firm evaluated the Property, produce all reports written at
the request of Defendant by that engineer or engineering firm within the last 3 years. This
request is limited to the extent that the engineer and/or engineering firm was used during
claims handling.

RESPONSE:

15.    Produce all documents showing amounts billed and paid to any engineer and/or engineering
firm identified in response to Request for Production No. 14 above within the last three
years.  A summary is acceptable in lieu of actual invoices or payments.

RESPONSE:

16.    All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made
the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting
documentation.

RESPONSE:

17.    All documents relating to issues of honesty, criminal actions, past criminal record, criminal
conduct, fraud investigation and/or inappropriate behavior which resulted in disciplinary
action by Defendant of any person(s) or entity(ies) who handled the claim made the basis of
this Lawsuit, the Plaintiff(s) or any person assisting on the claim made the basis of this
Lawsuit.

RESPONSE:

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

18.    All documents relating to work performance, claims patterns, claims problems, commendations, claims trends, claims recognitions, and/or concerns for any person who handled the claim made the basis of this Lawsuit.

RESPONSE:


19.    All XactAnalysis reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the Hidalgo County hail storms occurring on or about March 29, 2012 and/or April 20, 2012.

RESPONSE:


20.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 19 above.

RESPONSE:


21.    All Simsol Management reports that include this claim in any way, this Policy, the amount paid on this Policy and/or referencing any person who handled the claim made the basis of this Lawsuit relating to claims arising out of the Hidalgo County hail storms occurring on or about March 29, 2012 and/or April 20, 2012.

RESPONSE:


22.    Any email or document that transmits, discusses, or analyzes any report produced in response to Request for Production No. 21 above.

RESPONSE:


23.    For any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert: all documents or tangible things that have been provided to, reviewed by, or prepared for the testifying expert.

RESPONSE:


24.    Pursuant to Texas Rule of Evidence 609(f), provide all documents evidencing conviction of a crime which you intend to use as evidence to impeach any party or witness.

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

CL-15-0239-H

RESPONSE:

25.    All indemnity agreements in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

26.    All contracts in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit.

RESPONSE:

27.    All confidentiality agreements and/or instructions regarding confidentiality in effect at the time of Plaintiffs' claim between Defendant and any person(s) and/or entity(ies) who the claim made the basis of the Lawsuit.

RESPONSE:

28.    All documents between Defendant and any person(s) and/or entity(ies) who handled the claim made the basis of the Lawsuit regarding document retention policy in effect at the time of Plaintiffs' claim.

RESPONSE:

29.    To the extent the claim involves rescinding of the policy, all documents regarding Defendant's standards for investigating and rescinding and/or voiding a policy.

RESPONSE:

Accepted by: San Juana Garcia

Electronically Submitted
1/26/2015 10:18:03 PM
Hidalgo County Clerks Office

**CL-15-0239-H**

Respectfully submitted,

PENNEBAKER LAW FIRM
A Professional Corporation
200 Concord Plaza, Suite 750
San Antonio, Texas  78216
Telephone:      (210) 562-2888
Telecopier:     (210) 562-2880

By: _____
      DOUGLAS E. PENNEBAKER
      State Bar No. 00788178
      Lead counsel
ATTORNEY FOR PLAINTIFFS

LAW OFFICES OF MCALLEN-GONZALEZ
2102 W. University Dr.
Edinburg, Texas  78539
Telephone:      (956) 383-2143
Telecopier:     (956) 383-2147

By: _____ *for Willie McAllen*
    WILLIE MCALLEN
    State Bar No. 24047468
    JOSE G. GONZALEZ
    State Bar No. 24053234



CERTIFIED MAIL

Presort
First Class Mail
ComBasPrice

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 78539 $ 012.90⁵
02 1W
0001368216 JAN 27 2015